IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY B. ADAMS SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3154 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| LANCASTER COUNTY | ) | **AND ORDER** |
| ATTORNEY'S OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 17, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on July 17, 2008, against the Lancaster County Attorney's Office, the Nebraska Department of Health and Human Services ("HHS"), Region V Systems, and three individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff did not specify the capacity in which he sues these Defendants. (*Id.* at CM/ECF pp. 1-11.)

Condensed and summarized, Plaintiff alleges that he underwent a drug test in July, 2003, which resulted in a "false positive." (*Id*. at CM/ECF p. 4.) Due to this alleged "false positive" result, Plaintiff's visitation privileges with his son were revoked for a month. (*Id*. at CM/ECF p. 4.) Plaintiff also alleges that he visited his son once or twice a week from September 2003 until the "beginning of 2005," but since that time he has not been permitted to visit his son. (*Id*.) Plaintiff further alleges that on April 10, 2007, Region V Systems "required [him] to sign away his

[visitation and legal] rights . . . under mental duress." (*Id*.) Plaintiff seeks injunctive relief in the form of a "hearing . . . to withdraw the relinquishment . . . ." and monetary damages in the amount of $2,500,000.00. (*Id*. at CM/ECF pp. 5, 9.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to the Fourteenth Amendment. The Fourteenth Amendment protects a parent's liberty interest in the "care, custody, and management of their children." *Manzano v. South Dakota Dep't of Soc. Servs.,* 60 F.3d 505, 509-10 (8th Cir. 1995). However, to promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over these matters when state court proceedings have already been commenced. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

Here, Plaintiff alleges that he voluntarily relinquished his visitation rights. (Filing No. 1 at CM/ECF p. 4.) However, Plaintiff seeks to withdraw this relinquishment because he allegedly signed the document under "mental duress." (*Id*. at CM/ECF p. 4.) In order to effectuate his requested withdrawal, Plaintiff has included copies of two motions in his Complaint, both of which are directed to "[t]he Juvenile Court of Lancaster County Nebraska." (*Id*. at CM/ECF pp. 5-6.) The language in these motions indicates that there is an ongoing state judicial proceeding and that Plaintiff's claims are being addressed, or may be addressed, in that proceeding.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's claims are dismissed without prejudice to reassertion in the appropriate state court forum.

2.	A separate judgment will be entered in accordance with this Memorandum and Order.

3.	Plaintiff's Motion for Leave to Add Additional Defendants (filing no. 7) is denied as moot.

October 8, 2008.	BY THE COURT:
	*s/Richard G. Kopf*
	United States District Judge